UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SILVERTRONIC, LTD., | ) | CASE NO. 18CV987 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTIVE INTERCONNECT | ) | MEMORANDUM OPINION |
| ELECTRONICS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon Plaintiff, Silvertronic, Ltd.'s (hereafter "Silvertronic") Motion to Dismiss Defendants' Counterclaim Count X Asserting Violation of §2 of the Sherman Act. (ECF #22). Defendants, Adaptive Interconnect Electronics, Inc.[1] (hereafter "AIE") and David A. Bonitz, (hereafter "Mr. Bonitz") filed a Memorandum in Opposition to the Motion to Dismiss Count X of the Counterclaim (ECF #27), and Silvertronic filed a Reply. (ECF #28). Therefore, this matter is fully briefed and ripe for review. For the reasons set forth herein, Silvertronic's Motion to Dismiss Count X (ECF #22) is DENIED.

I.  Factual and Procedural Background[2]

Silvertronic is a manufacturer of electronic automotive and avionic testing components and accessories based in the England. (ECF #1, ¶ 5). AIE is an Ohio corporation, with Mr. Bonitz as the principal and sole shareholder. (*Id.* at ¶ 7). On April 30, 2018, Silvertronic filed a Complaint "to protect its intellectual property from trademark and trade dress infringement, false

---

[1] FKA as "Silvertronic, Inc." (See ECF #15, ¶ 1).
[2] The facts as stated in this Memorandum and Opinion are taken from the Amended Complaint, and such facts are accepted as true for present purposes.

1

advertising, and deceptive trade practices," alleging that AIE deceived or misled "potential purchasers into believing that articles manufactured by third parties are genuine goods of Silvertronic or have the same attributes as Silvertronic." (ECF #1, ¶ 2). On May 22, 2018, AIE and Mr. Bonitz filed an Answer and Verified Counterclaim. (ECF #15). At issue herein is Count X of the Counterclaim, which alleges that Silvertronic's "litigation of this matter evidences an attempt to monopolize the market for avionic electronic testing kits and components, particularly with regard to sales to the U.S. military, in violation of § 2 of the Sherman Act, 15 U.S.C. §2." (*Id.* at ¶ 167). AIE alleges that Silvertronic "engaged in predatory and anticompetitive conduct to accomplish the monopolization," causing AIE to suffer antitrust injuries due to lost business when Silvertronic cancelled existing purchase orders and from the costs of responding to this litigation. (*Id.* at ¶ 188).

II. <u>Standard of Review</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of a claim showing that the pleader is entitled to relief," in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Furthermore, although for purposes of a motion to dismiss a court must take all factual allegations in the complaint as true, it is not bound to accept as true a legal conclusion couched as a factual allegation or inference. *Id; see also*

2

*Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). In other words, the factual allegations must be enough to raise a right to relief about the speculative level. *Twombly*, 550 U.S. at 555.

   III.   Legal Analysis

Silvertronic argues that Count X of AIE's Counterclaim should be dismissed for two reasons: (1) the alleged wrongful conduct is protected by the *Noerr-Pennington* doctrine, and (2) AIE's "conclusory and clearly erroneous statements fail to plead a plausible monopoly or 'attempted monopoly,' and by extension fail to allege any antitrust injury." (ECF #22-1, p. 7).

AIE filed its Counterclaim pursuant to § 2 of the Sherman Act, which provides that any person who monopolizes, or attempts to monopolize, any part of the trade or commerce among the several States, is engaged in unlawful activity. 15 U.S.C. § 2. One must show two elements to prevail under § 2 of the Sherman Act: (1) the possession of monopoly power in the relevant market; and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).

In the motion to dismiss stage of a lawsuit, it is sufficient that a plaintiff allege specific facts that support a narrow product market in a way that is plausible and bears a rational relation to the methodology courts prescribe to define a market for antitrust purposes. *See, e.g., Todd v. Exxon Corp.*, 275 F.3d 191, 203 (2d Cir. 2001). As AIE outlines, Count X of the Counterclaim alleges that there are only two participants in the U.S. military avionic test kit market, and that Silvertronic took steps to push AIE out of such market through various actions. (See ECF #27, p. 20). These allegations are sufficient to allege a violation under § 2 of the Sherman Act, and therefore, Silvertronic's Motion to Dismiss Count X of the Counterclaim is DENIED.

Silvertronic further argues that its activities are protected by the *Noerr-Pennington* doctrine,[3] which holds that defendants are immune from antitrust liability for engaging in conduct, including litigation, aimed at influencing decision-making by the government. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1757 (2014). However, such conduct does not qualify for immunity if it is a mere "sham" to cover up an attempt to directly interfere with the business of a competitor. *Id.*

At this stage in the case before the Court, the motion to dismiss cannot be resolved, because a factual dispute exists as to whether the filing of the Complaint was a genuine attempt by Silvertronic to avail itself of the judicial process, or was merely a sham filing. *See Scooter Store, Inc. v. SpinLife.com, LLC*, 777 F.Supp.2d 1102 (S.D. Ohio 2011). A decision as to whether the *Noerr-Pennington* doctrine immunizes the litigation activity herein, or if any protected activity constitutes a sham, is better reserved until after discovery. *See Inline Packaging Int'l, Inc.*, 164 F.Supp.3d 1117, 1134 (D.Minn. 2016).

IV. Conclusion

For the reasons set forth herein, Silvertronic's Motion to Dismiss Count X of AIE's Counterclaim (ECF #22) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Court

Date: October 9, 2018

---

[3] *See Eastern Railroad Presidents Conference v. Noeer Motor Freight, Inc.*, 365 U.S. 127 (1961); *see also United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965).

4